RACHAEL A. HONIG
Acting United States Attorney
MICHAEL E. CAMPION
SUSAN MILENKY
Assistant U.S. Attorneys
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-3141
michael.campion@usdoj.gov
susan.milenky@usdoj.gov

PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
Civil Rights Division
SAMEENA SHINA MAJEED
Chief
TAMAR HAGLER
Deputy Chief
RYAN G. LEE
NOAH D. SACKS
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing & Civil Enforcement Section
150 M Street, NE
Washington, DC 20530
Phone: (202) 305-1901
Noah.Sacks@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**TOWNSHIP OF TOMS RIVER, NJ**,<br><br>Defendant. | Civil Action No. 3:21-cv-04633<br><br><br>**CONSENT ORDER** |

## I.  INTRODUCTION

1. On December 9, 2018, the United States initiated an investigation of alleged violations by the Township of Toms River, identified in Paragraph 2, below, of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") 42 U.S.C. §§ 2000cc et seq.  The Township cooperated fully with that investigation. Following that investigation, the United States was authorized to file a Complaint in federal district court, and the parties entered into discussions and reached an agreement to the terms of this Consent Order.

2. In its Complaint, the United States alleges that the Township of Toms River violated RLUIPA by enacting and applying its Land Use and Development Regulations ("Land Use Regulations"), beginning in 2009, that impose unreasonable limits on places of worship within the Township (see 42 U.S.C. § 2000(b)(3)(B)), treat religious assemblies and institutions less favorably than nonreligious assemblies and institutions (see 42 U.S.C. § 2000cc(b)(1)), and impose a substantial burden on the exercise of religion by religious communities, including the Orthodox Jewish community.  See 42 U.S.C. § 2000cc(a)(1).

## II.  STIPULATED FACTS

3. Defendant Toms River is a municipality in Ocean County, New Jersey.

4. According to the 2010 Census, Toms River has approximately 89,000 residents.

5. Toms River has a growing Orthodox Jewish community, many members of which have moved from the Township of Lakewood, NJ, which borders Toms River on the north.

6. At least 1,000 Orthodox Jewish families live in Toms River.

7. Toms River is governed by a Township Council composed of seven members—four of whom represent one of four wards of the Township and three of whom are chosen at-large.

8. The Township Council is responsible for adopting Township legislation, including its Land Use Regulation. See Code of the Township of Toms River ("Township Code") § 5-11.

9. Defendant Toms River is responsible for the acts and omissions of its agents and agencies.

10. There are currently no Orthodox Jewish houses of worship in Toms River.

11. Orthodox Jewish religious law prohibits the use of automobiles, or any other form of powered vehicle, on the Sabbath and all major Jewish holidays.[1]

12. Orthodox Jewish houses of worship tend to be smaller than houses of worship of other faiths and even other denominations of Judaism, typically ranging between 25 and 150 congregants (with some larger gatherings with as many as 200 on high holidays).

---

[1] Orthodox Jewish religious law does not prohibit Orthodox Jewish adherents from parking automobiles or other powered vehicles at houses of worship on the eve of the Sabbath or a major holiday for use after the Sabbath or major holiday has ended—a practice sometimes utilized depending on distances to houses of worship and ambulatory ability.

13. Between March 2009 and October 2017, the Township amended its Land Use Regulations to significantly reduce the number of parcels eligible for houses of worship by reducing the number of zoning districts where houses of worship are allowed either as of right[2] or conditionally, and by significantly increasing the minimum acreage size—from two to ten acres—required to develop a house of worship.  These post-2009 amendments to the Land Use Regulations have significantly reduced both the number of parcels and acreage of parcels where houses of worship are allowed as of right or conditionally.

14. The post-2009 amendments also eliminated houses of worship as a conditional use in many of the residential zoning districts located in the northern area of the Township where population growth, including the growth of the Orthodox Jewish population, and thus potential demand for new houses of worship, is most likely.  The only zoning district classifications—covering a total of 5 out of 57 zoning districts—where houses of worship are allowed as of right in the Township all are located in the largely developed downtown area—miles away from where residents, including Orthodox Jewish residents, are moving.

15. The cumulative effect of these amendments has been to reduce significantly both the number of zoning districts in which houses of worship may locate and the number of sites available for houses of worship within the remaining districts where they may lawfully locate.

---

[2] As the term is used in this Complaint, "as of right" use is a use that does not require a special permit, variance, or other discretionary action prior to development.

16. Since 2009, no new house of worship has been formally established in any as of right or conditionally allowed zoning district in Toms River.

17. These amendments especially impact options for Orthodox Jewish residents to establish Orthodox Jewish houses of worship within walking distance from their homes, as required by their religious beliefs, and whose houses of worship are generally small and do not require significant acreage.

18. Although the Township's zoning and land use amendments have impacted options for Orthodox Jewish residents to establish Orthodox Jewish houses of worship, the Township has, in many areas, positively engaged with the Orthodox Jewish community for the purposes of understanding its religious needs.

19. The Township's Land Use Regulations further restrict houses of worship from operating on equal terms with nonreligious assemblies and institutions.

20. Nonreligious assemblies and institutions such as clubs, commercial recreation areas, shopping centers, child care centers, art, dancing and other instructional schools, schools for vocational instruction, funeral homes, restaurants, bars, and administrative offices and research facilities may operate as of right in several zoning districts, while houses of worship are only conditionally allowed (with a ten-acre minimum lot size).

21. The Township's Land Use Regulations exclude houses of worship from its rural residential zoning district while conditionally allowing clubs, administrative offices and research facilities, continuing care facilities and farmer's markets.

22. The Land Use Regulations conditionally allow clubs and administrative facilities to operate in a variety of zoning districts on five-acre parcels while requiring houses of worship to have ten acres.

23. On March 10, 2021, the United States filed a complaint alleging that the Township violated RLUIPA's unreasonable limitations, equal terms and substantial burden provisions.  See ECF No. 1.

### III.  Statement of Agreement on Legal and Other Terms

24. The Parties agree that the Township constitutes a "government" under RLUIPA, 42 U.S.C. §§ 2000cc-5(4)(A)(i), (ii).

25. The Parties agree that the Township's Land Use Regulations are "land use regulations" that "limit[] or restrict[] a claimant's use or development of land" under RLUIPA, 42 U.S.C. §§ 2000cc-5(4)(A)(i) and 2000cc-5(5).

26. The Parties agree that a house of worship is a "religious assembly or institution" or "structure" under RLUIPA, 42 U.S.C. §§ 2000cc(2)(b)(l), (2)(b)(3)(B).

27. The Parties have voluntarily agreed to resolve the United States' claims against the Township by entering into this Consent Order (the "Order"), as indicated by the signatures below.

Therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

### IV.  Jurisdiction

28. The Court has jurisdiction over this action, and may grant the relief sought herein, under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 42 U.S.C. § 2000cc-2.

### V.  Injunctive Relief

### a. Prohibited Conduct and Affirmative Obligation

29. The Township, its agents, agencies, subdivisions, entities, employees, successors, and all other persons or entities in active concert or participation with the Township are enjoined from:

    a. Imposing or implementing a land use regulation in a manner that unreasonably limits religious assemblies, institutions, or structures within a jurisdiction;

    b. Imposing or implementing a land use regulation in a manner that treats a religious assembly or institution on less than equal terms than a nonreligious assembly or institution;

    c. Imposing or implementing a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, that is not pursuant to a compelling governmental interest pursued in the least restrictive means;

    d. Otherwise engaging in any conduct that violates RLUIPA; or

    e. Coercing, intimidating, threatening, interfering with, or retaliating against any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by RLUIPA.

30. As soon as reasonably possible, but not more than 120 days from the date of entry of this Consent Order, the Township shall amend its Land Use Regulations to satisfy the requirements set forth in Appendix A.

31. The Township shall provide a copy of the proposed amendment to its Land Use Regulations under Paragraph 30 in draft form to the United States within thirty (30) days of the entry of the Consent Order.  If the United States believes that the proposed amendment to the Land Use Regulations does not meet the requirements of Appendix A, the parties shall attempt to resolve the dispute pursuant to the process in Section VI of this Order.  The Township shall not adopt or enforce the proposed amendment to the Land Use Regulations without the approval of the United States or until a resolution is reached in accordance with Section VI.

32. To comply with RLUIPA's provisions, the Township may grant waivers, accommodations, or adjustments to the requirements of its Land Use Regulation to avoid imposing a substantial burden on the exercise of religion.

### b.  Notice to Public

33. Within sixty (60) days of this Order's entry date, the Township shall implement the following procedures to ensure notice is provided to the public of this Order and its requirements:

    a.  *Signage.* The Township shall post and maintain printed signs within sight of each public entrance to its main municipal building

and its Township Council, Planning Commission, and Zoning Board of Adjustment offices that conform in content to <u>Appendix B</u>;

b. *Internet Posting*. The Township shall post and maintain on the respective internet home pages for the Township, the Planning Commission, Zoning Board of Adjustment, and all other zoning or land use bodies of the Township, a notice, in type equivalent in size to the majority of other type on the page, that conforms in content to <u>Appendix B</u>; and

c. *Notice to Future Religious Applicants*. Upon receipt of an application or inquiry about a zoning or land use determination concerning a property intended or used for religious purposes, the Township Council, Planning Commission, Zoning Board of Appeals, and all other zoning or land use bodies of the Township shall provide to the applicant or the person inquiring a notice that conforms in content to <u>Appendix B</u>.

**c. Complaint Procedure**

34. Within sixty (60) days of this Order's entry date, the Township shall submit to the United States for review and approval a written process to address complaints by any person who believes that the Township, the Planning Commission, the Zoning Board of Adjustment, or other land use or zoning body of the Township, acting through their agents or employees, may have violated RLUIPA or otherwise discriminated on the basis of religion or burdened the

9

exercise of religion through the implementation of its zoning or land use laws. The process shall include the requirements described in this Paragraph. The Township shall implement the process within fifteen (15) days of the United States' approval. The Township shall accept written and oral complaints. Upon receipt of an oral complaint, the Township shall offer and provide, but shall not require submission of, the form attached as <u>Appendix C</u> and shall provide assistance in completing and submitting the form if assistance is requested or if it is apparent to a Township employee or staff member that assistance is needed. The Township shall respond in writing to any written or oral complaints within fifteen (15) days of its receipt of such complaint. The Township shall retain each original written complaint, its records concerning each written or oral complaint, and documents and information relating to any proposed or actual action taken by the Township in response to the complaint.

### d. Training

35. Within ninety (90) days of this Order's entry date, the Township shall provide training(s) on the requirements of this Order and RLUIPA to all Township officers, elected and appointed officials, contractors, employees, and agents whose duties relate to planning, zoning, permitting, construction, code enforcement, and building occupancy, including, but not limited to, the Mayor; members of the Township Council, Planning Commission, and Zoning Board of Adjustment; the Planning Director and all Planning Department employees; the Zoning and Compliance Specialist and all Code Enforcement employees; the Township Attorney

and all Township Attorney's Office employees; and all Building Inspection Department employees.  The training need not be provided to clerical staff except for those employees who could receive complaints, described in Paragraph 34, against the Township.  The trainings shall be conducted consistent with the following:

     a. The training(s) shall be conducted by a qualified third-party or parties subject to the United States' approval.  No fewer than sixty (60) days after this Consent Order's entry date, the Township shall submit to counsel for the United States the name of the person(s) or organization(s) proposed to provide the training, together with copies of the professional qualifications of such person(s) or organization(s) and copies of the materials proposed for use at the training;

     b. The Township shall bear all expenses associated with the training;

     c. The Township shall video-record the training(s) and maintain copies of the written materials provided for each training.  Each newly elected, appointed, or hired individual covered by this Paragraph shall receive training within thirty (30) days after the date he or she enters office or begins service or employment either by (i) attending the next regularly scheduled live training, if it occurs within the thirty (30) day period, or (ii) viewing the video

recording of the most recent live training and receiving copies of any written materials provided for that training;

d. The Township shall provide each person covered by this Paragraph a copy of this Order at the time of the person's training; and

e. The Township shall obtain a signed statement (in the form of Appendix D) from each person covered by this Paragraph stating that the person attended the training, received and understands this Order and its mandates, and understands that a violation of this Order may result in legal action against the Township. The Township shall retain the original of each signed statement and provide a copy of each signed statement to the United States within ten (10) days of the person's training.

### e. Reporting, Record-Keeping, and Monitoring

36. Within one-hundred and eighty (180) days of this Order's entry date, and every subsequent six (6) months, the Township shall provide a report to the United States and the Court detailing its compliance with this Order, except the Township shall submit the last report sixty (60) days before the Order's expiration.[3] The Township shall include the following information in the reports, except that the report to the Court will describe its compliance with the terms of the Order without additional documentary evidence:

---

[3] For purposes of this Consent Order, all submissions to the United States shall be sent via email to the United States' counsel, as instructed by the United States' counsel.

a. A signed declaration by the Mayor stating that the Township has complied with Section V of this Order;

b. Appropriate documentary evidence, including but not limited to the text of all new policies or procedures implemented as a result of the Order, demonstrating the Township's compliance with Section V of this Order;

c. Any complaints of religious discrimination through the implementation of its zoning or land use laws against the Township, either received as oral or written complaints described in Paragraph 34 or by another Township employee or official, including a copy of the complaint, any documents associated with the complaint, and any written response to the complaint by the Township.  If the complaint has not been resolved, the Township shall report any efforts the Township took, or plans to take, to resolve the complaint; and

d. A summary of each request or application seeking the Township's consideration or approval for any land use determination concerning a property intended or used for religious purposes, indicating: (i) the application date; (ii) the applicant's name; (iii) the applicant's current address and contact information; (iv) the street address of the property at issue in the application or request; (v) the Township's decision on the application or request, including any

decision on appeal; (vi) the reasons for each decision, including a summary of the facts upon which the Township relied; and (vii) complete copies of any minutes and audio or video recordings from all meetings or hearings discussing the request or application.

37. Within thirty (30) days of adopting any amendments or modifications to the Township's Land Use Regulations or to other Township rules, laws, or ordinances that affect religious or nonreligious assembly or institution land uses, the Township shall send copies of the enacted amendments or modifications to the United States.  Any amendment or modification must be consistent with Appendix A and RLUIPA.

### f.  Inspection of Records

38. Upon reasonable notice to counsel for the Township, the Township shall permit United States representatives to inspect and copy all non-privileged, pertinent Township records, including, but not limited to, those records referenced in this Section (Section V).

### VI.    Enforcement

39. The Parties shall attempt in good faith to resolve informally any differences regarding interpretation of or compliance with this Order prior to seeking relief from this Court.  However, if the United States believes that the Township has failed to timely perform any act required by this Order, or to act in conformance with any provision, whether intentionally or not, the United States may move the Court to impose any remedy authorized at law or equity, including,

14

but not limited to, reasonable attorneys' fees that may have been occasioned by the violation or failure to perform.  Absent exigent circumstances, the United States will allow Defendants thirty (30) days to cure a violation of this Order once notified by the United States before moving the Court for relief.

## VII.  Termination of Litigation Hold

40. The Parties agree that, as of the date of this Order's entry, litigation is not "reasonably foreseeable" concerning the matters described above or in the United States' Complaint.  If any Party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above or in the United States' Complaint, the Party is no longer required to maintain such litigation hold.  Nothing in this Paragraph relieves any Party of any other obligations imposed by this Order.

## VIII.  Duration

41. The duration of this Order shall be for a period of three (3) years from the Order's entry date.

42. For the duration of this Order, this Court has exclusive jurisdiction over and is the venue for any dispute relating to this Order.

43. The Township or the Parties jointly may seek to terminate this Order prior to the expiration of the three (3) year period noted in Paragraph 41 if Defendants have complied with the terms in Section V of this Order, and demonstrate that they have reached "durable compliance," as defined below, with this Order.  At all times, Defendant shall bear the burden of demonstrating by a

preponderance of the evidence its durable compliance.  "Durable compliance" means "full, effective, and lasting compliance" with this Order continuously maintained for at least two (2) years prior to the expiration date of the Order.  To achieve full, effective, and lasting compliance, Defendant must demonstrate that it:

a. Complied with its commitment to adhere to RLUIPA as required in Paragraphs 29 through 32;

b. Amended its Land Use Regulations so that they satisfy the requirements of Appendix A;

c. Ensured the public received notice of the Township's commitment to the requirements of RLUIPA required in Paragraph 33;

d. Implemented the complaint procedures described in Paragraph 34;

e. Trained relevant personnel, as required in Paragraph 35;

f. Maintained records and provided to counsel for the United States all documents required in Paragraphs 36 through 38; and

g. Otherwise satisfied its requirements under Section V of this Order.

44. If the Township has reached full, effective, and lasting compliance for at least one (1) year with a part of the Order, the Township or the Parties jointly may agree to move the Court to terminate that part of the Order if it is sufficiently severable from the other requirements of the Order.  In determining whether there is full, effective, and lasting compliance with a part of the Order, all of the requirements of the Order must be assessed collectively to determine whether the intended outcome of the part has been achieved.

45. If, prior to the expiration date of this Order, the United States determines that Township has failed substantially, whether intentionally or not, to satisfy the terms of this Order, or the United States has good cause to believe that any violations of RLUIPA are ongoing, or if the interests of justice so require, the United States, upon notice to the Township, may seek to extend the term of this Order.  If the Court has not granted the United States' request for extension by the time the Order is set to expire, the Order and its terms will remain in effect until the Court rules on the pending motion(s).

46. The case will be dismissed with prejudice upon the expiration of this Order.

47. Any other time limits for performance imposed by this Order may be extended by mutual written agreement of the Parties.  The other provisions of this Order may be modified only by motion to the Court.

## IX.  Costs

48. Each Party shall bear its own legal and other costs incurred in connection with this litigation, including costs related to the preparation and performance of this Order.

## X.  Scope and Execution

49. This Order contains the complete agreement between the Parties.  No prior or contemporaneous communications, oral or written, between the Parties that are not included herein shall be of any force or effect.

50. The undersigned representatives of the Township and its counsel represent and warrant that the Township is fully authorized to enter into this Order.

51. This Order is binding on Township's successors, transferees, heirs, and assigns.

52. The Township shall defend this Order against any challenge by any third-party.  In the event that this Order or any of its terms are challenged in a court other than the United States District Court for the District of New Jersey, the Township agrees to seek removal or transfer to the United States District Court for the District of New Jersey.

53. The Parties agree that they shall not, individually or in combination with another, seek to have any court declare or determine that any provision of this Order is illegal or invalid.

54. Should any provision of this Order be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and any provision determined to be invalid or illegal shall be stricken from the Order.

**IT IS SO ORDERED this** <u>11th</u> **day of** <u>March</u>**, 2021.**


_____
**UNITED STATES CHIEF DISTRICT JUDGE**


FOR PLAINTIFF UNITED STATES OF AMERICA

RACHAEL A. HONIG
Acting United States Attorney
District of New Jersey

/s/ Michael E. Campion
_____
MICHAEL E. CAMPION
SUSAN MILENKY
Assistant United States Attorneys
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
Phone: (973) 645-3141
smilenky@usdoj.gov

PAMELA S. KARLAN
Principal Deputy Assistant Attorney
General
Civil Rights Division


SAMEENA SHINA MAJEED
Chief

/s/ Noah D. Sacks
_____
TAMAR HAGLER
Deputy Chief
RYAN G. LEE
NOAH D. SACKS
Trial Attorneys
United States Department of Justice
Civil Rights Division
150 M Street, NE
Washington, DC 20530
Phone: (202) 305-1901
Noah.sacks@usdoj.gov

FOR DEFENDANT TOWNSHIP OF TOMS RIVER, NEW JERSEY


MAURICE B. HILL, JR.
*Mayor*

KEVIN GEOGHEGAN
*Council President*

ANTHONY MERLINO
**ASSISTANT TOWNSHIP ATTORNEY**

20

## APPENDIX A

The Township shall amend its Land Use Regulations to satisfy the following requirements:

- The Township will allow houses of worship as a conditional use, subject to obtaining a conditional use permit, in, at a minimum, the Rural Residential, R-90 Residential zone, R-150 Residential zone, R-200 Residential Zone, R-400 Residential zone, R-800 Residential zone, MF-4 Multifamily Zone, MF-6 Multifamily Zone, and MF-8 Multifamily Zone zoning districts (the "Conditionally Allowed Zoning Districts"). The Township may require a minimum lot size of two acres for houses of worship in the Conditionally Allowed Zoning Districts.

- The Township will allow houses of worship as a permitted, as of right use in, at a minimum, the Rural Highway Business (including RHB-AH9 and RHB-AH37) and Highway Business zoning districts (the "Permitted As of Right Zoning Districts"), subject to the same requirements as other permitted uses in those zoning districts. The Township may require a minimum lot size of one acre for houses of worship in the Permitted As of Right Zoning Districts.

- With respect to houses of worship that are located on lots that are not less than 2 acres and not more than 2.5 acres, the Township may not restrict houses of worship from fronting on streets classified as major collectors, minor collectors, minor arterials, or principal arterial roadways in the Conditionally Allowed Zoning Districts and Permitted As of Right Zoning Districts. With respect to houses of worship that are located on lots that are greater than 2.5 acres, the Township may not restrict houses of worship from fronting on streets classified as major collectors or minor arterials or principal arterial roadways. Otherwise, the Township may impose frontage requirements on houses of worship in these zoning districts[4] consistent with and in a manner that is not less equal than the roadway frontage requirements imposed on nonreligious assemblies and institutions in those zoning districts, such as clubs, commercial recreation areas, dancing and other instructional schools, funeral homes, administrative facilities, community centers, meeting halls, schools, colleges, universities, theaters, and daycares. Such roadway frontage requirements shall not unreasonably limit the ability of houses of worship to locate in these zoning districts.

- The Township may not require a minimum lot width greater than 200 feet for houses of worship on lots that are four acres or less in the Conditionally Allowed Zoning Districts and Permitted As of Right Zoning Districts. Otherwise, the Township may require that houses of worship in these zoning

---

[4] Such requirements could include restrictions on houses of worship, regardless of size, from locating on streets classified as local collectors or local streets or on Maine Street, Shenandoah Boulevard, and Indian Hill Road.

districts on lots that are more than four acres have minimum lot width requirements consistent with and in a manner not less equal than the width requirements imposed on other nonreligious assemblies and institutions in those zoning districts, such as clubs, commercial recreation areas, dancing and other instructional schools, funeral homes, administrative facilities, community centers, meeting halls, schools, colleges, universities, theaters, and daycares.  Such lot width requirements shall not unreasonably limit the ability of houses of worship to locate in these zoning districts.

- The Township may not require impervious coverage limits that are lower than 50% for houses of worship on lots that are four acres or less, that have fewer than 50 parking spaces, and are more than 150 feet from beaches or dunes, or the mean high-water line of tidal waters in the Conditionally Allowed Zoning Districts or Permitted As of Right Zoning Districts, unless the New Jersey Department of Environmental Protection determines, in writing, that a permit for a proposed house of worship is required under the Coastal Facilities Review Acts ("CAFRA") for impervious coverage limits at or below these thresholds.  Otherwise, the Township may require that houses of worship in these zoning districts that are more than four acres meet impervious coverage requirements consistent with and in a manner not less equal than the impervious coverage requirements imposed on nonreligious assemblies and institutions, such as clubs, community centers, meeting halls, schools, colleges, universities, theaters, and daycares.  Such impervious coverage requirements shall not unreasonably limit the ability of houses of worship to locate in these zoning districts.

- The Township may impose other development criteria on houses of worship in the Conditionally Allowed Zoning Districts and Permitted As of Right Districts, including minimum lot size requirements, provided that the development criteria imposed on houses of worship in these zoning districts are consistent with and in a manner not less equal than the development criteria imposed on nonreligious assemblies and institutions, such as clubs, community centers, meeting halls, schools, colleges, universities, theaters, and daycares.  Such other development criteria shall not unreasonably limit the ability of houses of worship to locate in these zoning districts.

- The Township may allow houses of worship by right or as a conditional use, or may prohibit their use, and may impose minimum lot sizes requirements, minimum lot widths, impervious coverage limits, roadway frontages requirements, and other development criteria on houses of worship in the Township's zoning districts other than the Conditionally Allowed Zoning Districts or Permitted As of Right Zoning Districts, provided that the use and minimum lot size requirements, minimum lot widths, impervious coverage limits, roadway frontage requirements, and other development criteria

22

imposed on houses of worship in these other zoning districts are consistent with and on terms that are not less equal than the use and minimum lot size requirements, minimum lot widths, impervious coverage limits, roadway frontage requirements, and other development criteria imposed on nonreligious assemblies or institutions, such as clubs, commercial recreation areas, dancing and other instructional schools, funeral homes, administrative facilities, community centers, meeting halls, schools, colleges, universities, theaters, and daycares in those zoning districts.

**APPENDIX B**

**NOTICE OF CONSENT ORDER BETWEEN THE UNITED STATES AND THE TOWNSHIP OF TOMS RIVER, NEW JERSEY**

**Consistent with the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), the Township of Toms River does not apply the Township's land use regulations in a manner that: (1) imposes a substantial burden on the free exercise of religion, unless it is in furtherance of a compelling governmental interest and imposed in the least restrictive means; (2) treats religious assemblies or institutions on less than equal terms with nonreligious assemblies or institutions; (3) discriminates against any religious assembly or institution on the basis of religion or religious denomination; or (4) totally excludes or unreasonably limits religious assemblies, institutions or structures**.

On _____, 2021, the United States District Court for the District of New Jersey entered a Consent Order resolving a lawsuit between the United States and the Township of Toms River, New Jersey, under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") based on its Land Use Regulations' treatment of religious assemblies and institutions, including places of worship. A copy of the Consent Order referenced above in <u>United States</u> v. <u>Township of Toms River</u>, et al., _____, is available on the Township's website at _____or the Department of Justice's website at _____.

RLUIPA prohibits governments from applying land use laws in a way that discriminates against religious uses of land, imposes unjustifiable substantial burdens on religious exercise, treats religious assemblies or institutions on less than equal terms with nonreligious assemblies or institutions, or totally or unreasonably excludes religious institutions. Additional details about RLUIPA are available on the United States Department of Justice's RLUIPA information page, available at https://www.justice.gov/crt/religious-land-use-and-institutionalized-persons-act.

If you believe that the Township of Toms River, its Township Council, Planning Commission, Zoning Board of Adjustment, any other land use or zoning body of the Township, or any other local government or municipality, has violated your rights under RLUIPA, please contact the U.S. Attorney's Office for the District of New Jersey at 855-281-3339 or the United States Department of Justice, Civil Rights Division, at (202) 514-4713.  You may also register a complaint via email to usanj.civilrightscomplaint@usdoj.gov or rluipa.complaints@usdoj.gov, via form

24

online at https://www.justice.gov/usao-nj/civil-rights-enforcement, or by writing to either of the following addresses:

United States Attorney's Office      United States Department of Justice

Civil Rights Unit      Civil Rights Division

District of New Jersey      Housing and Civil Enforcement Section

970 Broad Street, Suite 700      4 Constitution Square

Newark, New Jersey  07102      150 M Street NE

Washington, DC 20530

# APPENDIX C

## COMPLAINT AGAINST THE TOWNSHIP OF TOMS RIVER, NJ

Name: _____

Address: _____

Telephone: _____

    1. Please state briefly the nature of the service or request that you made of the Township and/or any of its boards or agencies, related to the implementation of its zoning or land use laws (e.g., special use approval, variance, re-zoning, etc.). In addition, please include a description of the religious land use and the assembly or institution at issue in your request:

_____
_____
_____

    2. Please state briefly in what way(s) you believe that the Township, the Township Council, Planning Commission, Zoning Board of Adjustment, or other land use or zoning body of the Township may have violated your rights in the exercise of your religion under the United States Constitution, federal law (including the Religious Land Use and Institutionalized Persons Act), the New Jersey State Constitution, New Jersey State law, or the Township's Code or Ordinances through the implementation of its zoning or land use laws:

_____
_____
_____

    3. If you believe that the Township, the Township Council, Planning Commission, Zoning Board of Adjustment, or any other land use or zoning body of the Township, or any other local government or municipality, has discriminated against you in the exercise of your religion through the implementation of its zoning or land use laws, in addition to completing this complaint form, please contact the U.S. Attorney's Office at 855-281-3339 or the United States Department of Justice

Civil Rights Division at: (202) 514-4713. You may also register a complaint via email to usanj.civilrightscomplaint@usdoj.gov or rluipa.complaints@usdoj.gov or by writing to either of the following addresses:

United States Attorney's Office
Civil Rights Unit
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey  07102

United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
4 Constitution Square
150 M Street NE
Washington, DC 20530

**APPENDIX D**

## CERTIFICATION OF RLUIPA TRAINING AND
## RECEIPT OF CONSENT ORDER

I, _____, certify that I have received a copy of the Consent Order resolving <u>United States</u> v. <u>Township of Toms River</u>, et al., Case No. _____, filed by the United States in the United States District Court for the District of New Jersey.

I further certify that on _____ I attended a training on the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") and the Consent Order, that I read and understand the Consent Order, that all my questions concerning RLUIPA and the Consent Order were answered, and that I understand that any violation of the Consent Order or RLUIPA may result in a court action against the Township.


_____
(Signature)


_____
(Print name and title)


_____
(Date)